**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK McQUINN, an individual; DENISE McQUINN, an individual,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>BANK OF AMERICA, N.A., as successor to in interest to Countrywide Home Loans Inc.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS); BANK OF NEW YORK MELLON, N.A.; RECONTRUST COMPANY INC.,<br><br>Defendants-Appellees. | No. 14-56038<br><br>D.C. No. 2:14-cv-01569-R-JCG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted July 7, 2016
Pasadena, California

Before: FERNANDEZ, CLIFTON, and FRIEDLAND, Circuit Judges.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Denise and Mark McQuinn appeal the district court's dismissal of their lawsuit against Bank of America, N.A., Mortgage Electronic Registration Systems, Bank of New York Mellon, N.A., and ReconTrust Company Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Because "[s]tanding is a necessary element of federal-court jurisdiction," *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009), we have an independent duty to ensure that the McQuinns have satisfied Article III's standing requirements. We recognize that the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), calls into question whether a violation of the Truth in Lending Act's notice requirement, 15 U.S.C. § 1641(g), without more, creates an injury that is sufficiently concrete to confer standing. This case does not require us to answer that question, however, because the McQuinns' complaint alleges an injury that is concrete. They allege that because the Defendants violated § 1641(g), they were deceived into paying their monthly mortgage payment to "an entity which ha[d] no right collect monies on [the] contract," and were prevented from "satisfying their obligations under the Note." Accepting these allegations as

2

true, the McQuinns have pled a particularized and sufficiently concrete injury to establish Article III standing.[1]

The McQuinns argue that the district court erred in holding that their claim for a violation of 15 U.S.C. § 1641(g) was barred by the statute of limitations. The McQuinns do not dispute that they filed their lawsuit after the expiration of the applicable one-year limitations period, 15 U.S.C. § 1640(e), but they argue that the Defendants' failure to provide the statutorily required notice of the transfer of their mortgage prevented them from discovering the facts underlying their claim within that period. Therefore, the McQuinns argue, they have established that they are entitled to equitable tolling.

"Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) ("We will apply equitable tolling in situations where, despite all due diligence, the party

---

[1] These allegations of injury would need to be supported if the case were to proceed. We have doubts as to whether they could be supported, but they are not so implausible that they fail under *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and Defendants have not challenged these allegations of injury.

invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." (internal quotation marks omitted)).  This court has held that "equitable tolling may, in the appropriate circumstances, suspend the limitations period" of § 1640(e) "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

This case does not present the kind of extraordinary circumstances contemplated by our equitable tolling jurisprudence.  Under California law, "[a]ny assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons."  Cal. Civ. Code § 2934.  As a result, the McQuinns cannot establish that they were "unable to obtain vital information bearing on the existence of the claim," *Cervantes*, 656 F.3d at 1045, because they were on constructive notice of the transfer.  Furthermore, because the transfer was publicly recorded, the McQuinns had a reasonable opportunity to discover the underlying facts of the TILA violation within the limitations period.

In addition, the McQuinns have not alleged with any degree of particularity that the Defendants engaged in "wrongful conduct" that prevented them from

discovering the facts underlying their claim. *Stoll*, 165 F.3d at 1242. The fact that the Defendants allegedly violated § 1641(g) is not, by itself, enough. If it were, then the statute of limitations would be eviscerated for all § 1641(g) claims. Given that the § 1640(e) limitations period contains express exceptions but does not contain an exception for § 1641(g), Congress could not have intended such a result. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992). ("[C]ourts must presume that a legislature says in a statute what it means.").

The district court also did not err in dismissing the McQuinns' claim under California Business and Professions Code § 17200. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Here, the McQuinns' complaint failed to allege with sufficient plausibility that the Defendants engaged in the kind of "unfair or fraudulent" acts that are required to state a claim under California's unfair competition law. In addition, the McQuinns waived any argument that their complaint plausibly alleged "unlawful" conduct that would be sufficient to satisfy § 17200 by failing to raise that argument in their briefing to this court.

5

Finally, the district court did not abuse its discretion in dismissing the McQuinns' claims without providing leave to amend. District courts have discretion to deny leave to amend for, among other things, futility of amendment. *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008). The McQuinns have not identified in their briefing or in their submissions to the district court what they would allege that would cure the deficiencies in their complaint, and they were unable to do so when asked at oral argument. As a result, we cannot conclude that the district court abused its discretion.

**AFFIRMED.**